**The People of the State of Illinois, Defendant in Error, v. Frank Barney, Plaintiff in Error.**

**Gen. No. 6,323.   (Not to be reported in full.)**

Error to the County Court of Boone county; the Hon. WILLIAM C. DE WOLF, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 19, 1917.

### Statement of the Case.

Prosecution by the People of the State of Illinois, plaintiff, against Frank Barney, defendant, for illegally selling intoxicating liquor in anti-saloon territory. From a judgment sentencing defendant to pay a fine of one hundred dollars and for confinement in the county jail for eighty days and ordering the place in which the liquor was sold to be abated as a nuisance, defendant brings error.

WILLIAM L. PIERCE, for plaintiff in error.

PATRICK H. O'DONNELL, for defendant in error.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. INTOXICATING LIQUORS, § 151*—*when evidence insufficient to sustain conviction for illegally selling intoxicating liquor in anti-saloon territory.* In a prosecution for illegally selling intoxicating liquor in anti-saloon territory and maintaining a nuisance, where a conviction was had upon two of eleven counts, and it appeared that of the four witnesses upon whose testimony the People relied for a conviction one did not sufficiently connect the plaintiff with the sale testified to, another was impeached and the remaining two must have been mistaken in their testimony, *held* that the verdict was not based upon sufficiently reliable evidence to sustain a conviction in a criminal case.

2. CRIMINAL LAW, § 207*—*when abridgment of right of cross-examination prejudicial error.* It is prejudicial error to unduly abridge the right of cross-examination to which a defendant in a criminal case is entitled.